UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

        Plaintiff,

   v.                                   CAUSE NO. 3:19-CV-1010-DRL-MGG

RON NEAL *et al.*,

        Defendants.

OPINION & ORDER

Dwayne Doolin, a prisoner without a lawyer, alleges that, while confined at the Indiana State Prison on a parole hold, a portion of the bathroom ceiling fell on him, resulting in injury. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

On June 22, 2019, Mr. Doolin entered the bathroom in his dorm. The ceiling caved in, cutting his head and injuring his shoulder. Mr. Doolin complained about the ceiling to correctional staff days earlier. Additionally, the ceiling was damaged in 2017, when Mr. Doolin resided in this same dorm. Mr. Doolin has sued Warden Ron Neal, Deputy Warden George Payne, and Maintenance Supervisor Kildow.

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). A prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id.* at 834-35. Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks and citation omitted). Prison officials are not expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

Mr. Doolin does not allege that Warden Neal, Deputy Warden Payne, or Maintenance Supervisor Kildow had knowledge of the condition of the ceiling that fell on him. He alleges only that he complained to unidentified correctional staff days before the incident. In retrospect, it is evident that, by June 22, 2019, the ceiling was so damaged that it posed a risk to Mr. Doolin's safety, but Mr. Doolin has not presented factual support for his claims that the defendants named in this lawsuit were deliberately indifferent to that risk.

Mr. Doolin was a parolee, but it appears that he also had criminal charges pending against him. To the extent that his claim may be governed by the Fourteenth Amendment rather than the Eighth Amendment, it does not alter the outcome of this case. *See Smith v. Sangamon Cty. Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013) (treating the plaintiff as a pretrial detainee despite his parole hold). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). The facts alleged don't permit an inference that the condition of the ceiling amounted to punishment any more than they permit an inference that the defendants were deliberately indifferent to Mr. Doolin's safety.

While it seems unlikely that Mr. Doolin will be able to state a claim, given the facts presented in his complaint, he will nonetheless be given an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If Mr. Doolin decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Dwayne Doolin;

(2) GRANTS Dwayne Doolin until **December 14, 2020** to file an amended complaint; and

(3) **CAUTIONS** Dwayne Doolin that, if he does not respond by that deadline, his case will be dismissed under 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

November 16, 2020                             *s/ Damon R. Leichty*
                                                                  Judge, United States District Court