UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

          Plaintiff,

   v.                                   CAUSE NO. 3:19-CV-1010-DRL-MGG

RON NEAL *et al.*,

          Defendants.

## OPINION & ORDER

Dwayne Doolin, a prisoner without a lawyer confined at the Indiana State Prison on a parole hold, suffered injuries after a portion of the bathroom ceiling fell on him. He filed an amended complaint against Warden Ron Neal, Deputy Warden George Payne, and Maintenance Supervisor Mr. Kildow." A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

As an initial matter, Mr. Doolin has not reproduced his entire amended pleading as required by N.D. Ind. L.R. 15-1. Nonetheless, even when the additional information provided in the amended complaint is considered together with the original complaint, Mr. Doolin has not stated a claim.

Mr. Doolin's original complaint alleged that, on June 22, 2019, he entered the bathroom in his dorm. The ceiling caved in, cutting his head and injuring his shoulder. Mr. Doolin complained about the ceiling to correctional staff days earlier. Additionally, the ceiling was damaged in 2017, when Mr. Doolin resided in this same dorm. Mr. Doolin's original complaint named Warden Ron Neal, Deputy Warden George Payne, and Maintenance Supervisor Kildow as defendants, and he names the same defendants in his amended complaint.

As noted in this court's earlier order, under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). However, a prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id.* at 834-35. Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks and citation omitted). Prison officials are not expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

Mr. Doolin's original complaint did not allege that Warden Neal, Deputy Warden Payne, or Maintenance Supervisor Kildow had knowledge of the condition of the ceiling that fell on him. He alleges only that he complained to unidentified correctional staff days before the incident. While hindsight reveals that, by June 22, 2019, the ceiling was so damaged that it posed a risk to Mr. Doolin's safety, Mr. Doolin's original complaint did not present factual support for his claim that the defendants named in this lawsuit were deliberately indifferent to that risk.

In his amended complaint, Mr. Doolin asserts that the fact that he was injured shows that the dorm was unsafe. An injury alone doesn't presuppose that someone did something constitutionally wrong. That Mr. Doolin was injured does not show that the risk of injury posed by the ceiling was known to the defendants. According to Mr. Doolin, Mr. Kildow was negligent. Mr. Doolin further alleges that Mr. Payne, who walked through the facility often, was also negligent in that he didn't ensure that the maintenance department did their job. And finally, Mr. Doolin alleges that Ron Neal was negligent because he did not ensure that the prison was safe. Mr. Doolin believes that negligence equates with cruel and unusual punishment. But that is not the law. Neither negligence nor incompetence amount to deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010).

In short, Mr. Doolin's amendment pleads almost no additional facts – only that Deputy Warden Payne often walked through the dorm. Thus, for the same reasons that Mr. Doolin's original complaint did not state a claim, his amended complaint also does not state a claim.

As noted in this court's earlier order, Mr. Doolin was a parolee, but it appears that he also had criminal charges pending against him. To the extent that his claim may be governed by the Fourteenth Amendment rather than the Eighth Amendment, it does not alter the outcome of this case. *See Smith v. Sangamon Cty. Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013) (treating the plaintiff as a pretrial detainee despite his parole hold). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). The facts alleged don't permit an inference that the condition of the ceiling amounted to punishment any more than they permit an inference that the defendants were deliberately indifferent to Mr. Doolin's safety.

Therefore, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

December 9, 2020                             *s/ Damon R. Leichty*
                                             Judge, United States District Court